Lundberg Stratton, J.,
dissenting.
{¶ 13} The majority suspends Lewis from practicing law for one year because of the seriousness of his signing a judge’s name to an entry without permission and because the majority did not find credible his explanation for the conduct. Because I find Lewis’s explanation credible, I believe that a lesser sanction is warranted.
{¶ 14} While our usual practice is to defer to a panel on judging credibility, “[w]e are the ultimate arbiters in disciplinary proceedings.” Cincinnati Bar Assn. v. Powers, 119 Ohio St.3d 473, 2008-Ohio-4785, 895 N.E.2d 172, ¶ 21. It is undisputed that Lewis scrawled a signature on the judge’s signature line of an entry without the judge’s permission and that doing so was a violation of the Rules of Professional Conduct. However, I believe Lewis’s assertion that he never intended to pass off the entry as genuine.
{¶ 15} Neither Lewis nor the bar association called Lewis’s client as a witness at his disciplinary hearing. Lewis testified as follows: At a pretrial hearing on her traffic charges, Lewis’s client asked him whether she had driving privileges; he informed her that she did not have such privileges. Because his client wanted to see what a document granting driving privileges looked like, Lewis retrieved the proposed driving entry that had been rejected by the clerk’s office, scrawled a signature on it, and said, “This is what a driving privileges entry would look like if you had that.” He then gave her the entry. While he later recognized that signing the document was a “serious lapse of judgment,” Lewis maintained that he never intended his client to believe that the entry was valid and provided her temporary driving privileges. While this explanation, on its face, appears questionable, I believe that the evidence supports Lewis’s assertion.
{¶ 16} Even after signing the entry, Lewis arranged hearings, scheduled on several different dates, for the purpose of seeking temporary driving privileges *599 for his client. Ultimately, these hearing dates were canceled at the client’s request, and a plea was reached before the issue of temporary driving privileges was resolved. Had Lewis considered the entry valid, there would have been no need for these hearings.
John C. Oberholtzer, John Crilly, and Kelly O’Kell, for relator.
Crabbe, Brown & James, L.L.P., Larry H. James, and Christina L. Corl, for respondent.
{¶ 17} The signature on the entry bore no resemblance to the judge’s actual signature, as evidenced by the fact that Lewis’s client’s probation officer brought the entry to the attention of municipal court clerk, who launched an investigation that determined the signature not to be genuine. Even the attorney questioning Lewis at the disciplinary hearing stated, “When I look at that entry and I see something on it, that appears to be scratching.” Had Lewis intended the entry to seem authentic, he certainly would have taken more care to accurately depict the judge’s signature.
{¶ 18} Moreover, Lewis never attempted to file the entry or pass it off as genuine. It was his client who presented it to her probation officer, despite having been told by Lewis that she did not have driving privileges.
{¶ 19} Finally, because the municipal court involved herein routinely grants temporary driving privileges to first-time drunk-driving offenders, Lewis had nothing to gain by forging the entry, but had everything to lose.
{¶ 20} I believe that these facts corroborate Lewis’s testimony that signing the entry was only to show his client what an entry granting driving privileges looked like; it was not intended to make anyone believe that the entry was genuine. Thus, while signing the entry for any reason was still an incredibly foolish act and a violation of the Rules of Professional Conduct, I believe that it was not done with the intent to benefit his client or to defraud the judge or the judicial system. Because of these facts, and because this is Lewis’s first disciplinary violation, I would impose a stayed one-year suspension of Lewis’s license to practice law. Accordingly, I respectfully dissent.
Lanzinger, J., concurs in the foregoing opinion.